UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., | No. C 12-5132 MEJ |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| MASON McDUFFIE MORTGAGE CORP., | **Re: Docket No. 4** |
| Defendant. | |

**INTRODUCTION**

This case arises out of a residential mortgage loan that Defendant Mason-McDuffie Mortgage Corporation ("Defendant") originated and eventually sold to Lehman Brothers Bank ("LBB") before LBB's eventual bankruptcy. Plaintiff Lehman Brothers Holdings Inc. ("Plaintiff") alleges that it received the assignment of that loan and that Defendant breached its contractual responsibilities and its express warranties regarding the loan. Now before the Court is Defendant's Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. No. 4. The Court finds this motion suitable for disposition without oral argument and VACATES the January 24, 2013 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court DENIES Defendant's Motion for the reasons set forth below.

**BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint, filed October 3, 2012. Dkt. No. 1. On June 8, 2005, LBB and Defendant entered into a Broker Agreement ("Agreement") to fund a residential mortgage loan brokered by Defendant in connection with property at 5784 Beaumont, Redding, California 96003. Compl. ¶¶ 1, 8-9. The Agreement incorporated the terms and

1 conditions of the "Lender's Guidelines" as defined in the Agreement, which sets forth additional
2 duties and obligations of Defendant. *Id.* ¶ 10. The Agreement and Lender's Guidelines set forth the
3 duties and obligations of Defendant with respect to the loan, including Defendant's promise to verify
4 the employment of the loan applicant and establish income, initiate necessary loan verifications and
5 determine the maximum mortgage amount the applicant can afford, and gather financial and credit
6 information as needed. *Id.* ¶ 12.

7 As part of the contract, Defendant expressly agreed to review the accuracy of all information
8 provided by the loan applicant and to maintain the integrity of the loan application and processing
9 operations. *Id.* ¶ 13. Defendant also represented and warranted that it made a diligent inquiry into all
10 facts and circumstances in making the loan, including all material representations and warranties of
11 the borrower, and that to its knowledge, none of the statements or documentation contained any false
12 or misleading statements or omitted material facts necessary to make such statements accurate and
13 not misleading; that after review of the entire loan package and closing documents, Defendant had no
14 knowledge of nor any reason to know of any fraudulent information or documentation present in the
15 loan application package, closing documents, or in the origination process used to generate the loan
16 application package or closing documents; and that it had no knowledge nor any reason to know of
17 any circumstance or condition with respect to the borrower or the borrower's credit that could
18 reasonably be expected to cause the loan to be regarded as an unacceptable investment or cause the
19 loan to become delinquent. *Id.* ¶ 14.

20 Defendant also agreed to certain remedies in the event that Defendant breached its
21 representations and warranties under the Agreement, including Defendant's agreement to indemnify
22 and hold Plaintiff harmless, and to reimburse Plaintiff with respect to any losses and damages
23 resulting from Defendant's breach of its representations and warranties or its breach or failure to
24 perform any covenant or obligation set forth in the Agreement. *Id.* ¶ 16.

25 Subsequent to funding, LBB assigned all of its rights and remedies under the Agreement to
26 Plaintiff. *Id.* ¶ 17.

27 Plaintiff alleges that the loan package submitted by Defendant misstated material facts of
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

which Defendant knew or should have known, including the statement in the loan application that the borrower's monthly income was $11,500 when, in fact, it was substantially less. *Id.* ¶ 18. Thus, Plaintiff alleges that Defendant breached one or more of its representations and warranties, including (a) failing to diligently analyze the borrower's debt and income; (b) failing to diligently inquire into all facts and circumstances in making the loan, including all material representations and warranties of the borrower; (c) failing to submit a complete and accurate loan application package to LBB; and (d) knowing, or having reason to know, of false or misleading statements in the application package concerning the borrower's ability to pay the loan. *Id.* In its Complaint, Plaintiff brings two causes of action – breach of contract and breach of express warranty. Dkt. No. 1.

Defendant filed the present Motion to Dismiss on October 31, 2012. Dkt. No. 4. In its Motion, Defendant argues that Plaintiff's allegations are devoid of factual matter from which the Court can draw inferences that Defendant breached its contractual obligations and express warranties set forth Agreement, and that by failing to identify Defendant's conduct that resulted in the alleged breaches, the Complaint offers nothing more than "unadorned, the-defendant unlawfully-harmed-me" accusations that fall far short of Supreme Court threshold requirements. Mot. at 4. Plaintiff filed an Opposition on December 3, 2012 (Dkt. No. 11) and Defendant filed a Reply on December 14, 2012 (Dkt. No. 14).

## LEGAL STANDARD

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must

3

1 instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A
2 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
3 reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556
4 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

5     In reviewing a motion to dismiss, the court may also consider documents attached to the
6 complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation
7 omitted). In addition, the court may consider a matter that is properly the subject of judicial notice,
8 such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

9     If the court dismisses the complaint, it "should grant leave to amend even if no request to
10 amend the pleading was made, unless it determines that the pleading could not possibly be cured by
11 the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this
12 determination, the court should consider factors such as "the presence or absence of undue delay, bad
13 faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice
14 to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*,
15 885 F.2d 531, 538 (9th Cir. 1989).

## ANALYSIS

### A. Breach of Contract

18     Under California law, the elements of a cause of action for breach of contract are: (1) the
19 existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach
20 by the defendant; and (4) damages. *First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745
21 (2001). Here, as stated above, Plaintiff has identified the Agreement and Defendant's obligations
22 under that Agreement, as well as Defendant's specific conduct that, if true, would establish
23 Defendant's breach. Specifically, Plaintiff alleges that "the Loan package submitted by Defendant
24 misstated material facts of which Defendant knew or should have known. For example, Defendant
25 stated and represented in the Loan Application that the borrower's monthly income was $11,500
26 when, in fact, it was substantially less." Compl. ¶ 18. Plaintiff further identifies the manner in which
27 Defendant's conduct, whether

4

described as acts or omissions, breached the Agreement provisions: (a) failing to diligently analyze the borrower's debt and income; (b) failing to diligently inquire into all facts and circumstances in making the Loan including all material representations and warranties of the borrower; (c) failing to submit a complete and accurate Loan application to LBB; and (d) knowing, or having reason to know, of false or misleading statements in the application package and/or any circumstance concerning the borrower's ability to pay the loan. *Id.* The Court finds that these allegations, taken as true, provide factual content that allows the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged.

Beyond arguing that Plaintiff's Complaint is "devoid of factual matter" necessary to establish any alleged breach, Defendant also raises arguments that involve factual matters outside those presented in the Complaint, including that the loan was a "no document loan" which precluded Defendant from documenting the borrower's actual income. While Defendant's argument may prove true, the Court finds that it is inappropriate to consider such matters that go beyond the scope of the pleadings at this preliminary stage in the proceedings. Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's breach of contract cause of action.

**B.    Breach of Express Warranty**

Traditional contract law also applies to breach of express warranty claims in California. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 830 (2006) ("The law governing express warranties is clear. A warranty is a contractual promise."). In California, a plaintiff states a prima facie case for breach of express warranty by alleging: (1) the exact terms of the warranty; (2) reasonable reliance; and (3) a breach of warranty which proximately causes the plaintiff's injury. *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986). Here, Plaintiff alleges that the Agreement required Defendant to submit a complete and accurate loan application, and that the application submitted by Defendant was not accurate. Compl. ¶¶ 14, 18. Plaintiff also alleges that Defendant knew or had reason to know that false or misleading statements were in the application, yet Defendant failed to perform its due diligence. *Id.* Thus, drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has adequately alleged the terms of the warranty,

Plaintiff's reliance, and Defendant's breach and resulting damages. Accordingly, Defendant's Motion to Dismiss Plaintiff's breach of express warranty cause of action is DENIED.

## CONCLUSION

Based on the analysis above, the Court DENIES Defendant's Motion to Dismiss. The Court shall conduct a Case Management Conference on February 7, 2013 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. The parties shall file a joint case management statement by January 31, 2013. All related case management deadlines are adjusted accordingly.

**IT IS SO ORDERED.**

Dated: January 4, 2013

_____
Maria-Elena James
Chief United States Magistrate Judge